UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN McCARTHY, | : |
| Petitioner | : |
| vs. | : CIVIL NO. 1:CV-12-0846 |
| | : (Judge Caldwell) |
| WARDEN, | : |
| Respondent | : |

*M E M O R A N D U M*

I. *Introduction*

*Pro se* petitioner, John J. McCarthy, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the custody of the Bureau of Prisons (BOP) and housed at USP-Canaan in Waymart, Pennsylvania. McCarthy challenges the BOP's decision to deny his request for a *nunc pro tunc* designation of the state facility where he served his state sentence as the institution for service of his federal sentence.

As will be seen by the discussion below, McCarthy has litigated the issue in previous 2241 petitions. However, we do not believe the present petition is successive as it addresses new circumstances, whether the BOP's August 2011 denial of McCarthy's request for *nunc pro tunc* designation was correct in light of the BOP's receipt of a June 2011 letter from the sentencing court recommending *nunc pro tunc* designation. This matter is not believed to be the subject of any prior 2241 petition.

II. *Background*

In July 1992, McCarthy "was in the custody of the State of Connecticut, facing

numerous state charges." *McCarthy v. Doe*, 146 F.3d 118, 119 (2d Cir. 1998). He was also indicted on several federal firearms charges. (*Id.*) Starting in December 1992, McCarthy "made several appearances in federal district court, each time pursuant to a writ of habeas corpus *ad prosequendum*, and was eventually convicted of two counts of possession of a firearm. *See* 18 U.S.C. § 922(g), 924(e)." (*Id.*) On January 28, 1994, the United States District Court for the District of Connecticut sentenced McCarthy to 235 months' imprisonment. *McCarthy v. Warden USP Lewisburg*, 448 F. App'x 287, 288 (3d Cir. 2011)(nonprecedential).

"At sentencing, McCarthy's trial counsel informed the court that McCarthy would soon be sentenced on state criminal charges that had been pending in Connecticut since 1992, and that his sentence for those charges would likely run concurrently with his federal sentence. Nonetheless, the District of Connecticut did not specify whether McCarthy's federal sentence would run concurrently with, or consecutively to, that future state sentence." (*Id.*) In April 1994, the Connecticut state court sentenced McCarthy "to 84 months' imprisonment to run concurrently with the federal sentence. Mr. McCarthy completed his state sentence and was transferred to federal custody for the completion of his federal sentence." *McCarthy v. Warden USP Leavenworth,* 168 F. App'x 276, 277 (10th Cir. 2006)(nonprecedential). On February 5, 1999, McCarthy was released from state custody and commenced service of his federal sentence. (Doc. 7-3, ECF p. 6).

McCarthy filed a series of unsuccessful 2241 petitions challenging the BOP's denial of his request for a retroactive designation of the non-federal prison as the institution for service of his federal sentence. He then filed one in this court. *McCarthy v. Warden, USP Lewisburg*, 1:10-CV-1673 (M.D. Pa. Feb. 7, 2011)(Caldwell, J.). We dismissed that

petition as being successive and thus barred by 28 U.S.C. § 2244(a).

On appeal from our ruling, McCarthy produced for the first time a June 29, 2011, letter from the Honorable Peter C. Dorsey of the District of Columbia, the federal judge assigned to his federal criminal case after the passing of the original trial judge. *See McCarthy v. Warden USP Lewisburg*, 448 F. App'x 287, 290 (3d Cir. 2011) (nonprecedential). *See also* Doc. 7-3, Resp't's Exs., ECF p. 13 and p. 52. Judge Dorsey's letter advised McCarthy that he had written to "the Warden of USP Lewisburg recommending that [his] federal sentence run concurrently with [his] state sentence and that both sentences be served in one penal institution." Doc. 7-3, ECF p. 13. The Third Circuit affirmed our dismissal of McCarthy's petition as successive, but noted: "[t]he BOP did not address this letter in its response brief; however, we trust that, if this letter is indeed from Judge Dorsey, the BOP, to the extent it has not already done so, will give his recommendation due consideration and render a decision promptly." *McCarthy* 448 F. App'x at 290.

In the interim, on July 28, 2011, upon learning that McCarthy had filed a habeas petition claiming that his letter was a court order, Judge Dorsey wrote to USP Lewisburg's Warden to clarify that it was not. *See* Doc. 7-3, ECF p. 52 ("I write to you now to make clear that my June 29, 2011 letter was a recommendation, not a court order.") McCarthy makes no mention of this second letter in his petition or traverse.

On August 16, 2011, based upon Judge Dorsey's correspondence, the BOP reconsidered McCarthy's request for *nunc pro tunc* designation as a request for pre-sentence credit toward his federal sentence for the time spent in service of his state sentence. (Doc. 7-3, ECF p. 47, BOP worksheet).

At the time of the review, McCarthy was housed at FCI Oakdale, in Oakdale, Louisiana, and serving a federal sentence for possession of a firearm by a prohibited person. (*Id.*) McCarthy had already completed service of his state sentence for burglary and larceny. (*Id.*) The BOP considered McCarthy's extensive prison disciplinary record which includes the following charges: Possession of a Dangerous Weapon; Assault (8 separate incidents); Threatening Bodily Harm (2 separate incidents); Being Unsanitary (7 separate incidents); Refusing Work and/or Refusing to Obey an Order (7 separate incidents); Failing to Stand for the Count (8 separate incidents); Insolence to Staff (10 separate incidents); Possessing Intoxicants (3 separate incidents); Using Drugs (2 separate incidents); Refusing to take an Alcohol Test (2 separate incidents); Disruptive Conduct; Possessing Unauthorized items; Making a Sexual Proposal; Possession of Drugs/Alcohol; and Interfering with a Security Device (2 separate accounts). (*Id.*)

The BOP also noted that McCarthy had begun his criminal career at 16 years old and has prior convictions for burglary, larceny, drug possession and disorderly conduct, breach of peace, robbery, failure to appear, and assault of a correctional officer. (*Id.*) The BOP noted that McCarthy's prior requests for *nunc pro tunc* designation were denied, challenged in federal court, and upheld. (*Id.*) New for consideration was Judge Dorsey's June 29, 2011, letter recommending a concurrent designation of the state institution for service of McCarthy's federal sentence. (*Id.*) After consideration of all five pertinent factors set forth at 18 U.S.C. § 3621(b), the BOP denied McCarthy's request for a retroactive designation of the state institution for service of his federal sentence. (*Id.*) The BOP notified Judge Dorsey of its decision via a letter dated August 25, 2011. (*Id.*, ECF pp. 49-50).

-4-

McCarthy fully exhausted his available administrative remedies challenging the BOP's August 2011 denial of *nunc pro tunc* designation of the state institution for service of his federal sentence. (*Id.*, ECF pp. 12-19). His final appeal was denied in January 2012. (*Id.*, ECF p. 19). He filed his present habeas petition in late April 2012. (Doc. 1, Pet.)

III.  *Discussion*

The Attorney General, through the BOP, is responsible for computing federal sentences for all offenses committed after November 1, 1987. *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 331-32, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). The BOP's decision is subject to judicial review under 28 U.S.C. § 2241. *See United States v. Romero*, 348 F. App'x 803, 805 (3d Cir. 2009) (nonprecedential)(BOP administrative remedies must be exhausted prior to seeking district court review of denial of credit for pretrial detention credit)(citing *United States v. Brann*, 990 F.2d 98, 103-04 (3d Cir. 1993).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of a two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996), *aff'd,* 100 F.3d 946 (3d Cir. 1996).

We are concerned here with the second part of the process, credit for time spent in custody prior to the commencement of the federal sentence. Such credit is controlled by 18 U.S.C. § 3585(b), which provides as follows:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 333, 112 S.Ct. at 1354.

There is a single exception to this rule. If the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. 3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent. The BOP may implement such a designation *nunc pro tunc*. *See* 18 U.S.C. § 3621; *Setser v. United States*, ___ U.S. ___, ___,132 S.Ct. 1463,1467-68 (2012); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

Although the BOP must consider an inmate's request for a *nunc pro tunc* designation, the BOP "has broad discretion in determining this designation." *Ramos-Rodriguez v. Warden, FCI-Fort Dix*, 446 F. App'x 417, 419 (3d Cir. 2011) (nonprecedential) (*citing Barden*, 921 F.2d 476, 483 (3d Cir. 1990)). Petitioner relies on this exception in

-6-

making his 2241 challenge to the BOP's computation of his federal sentence.

McCarthy contends that Judge Dorsey's letter "made provision for McCarthy's federal sentence to run concurrently with his state sentence" so that "the BOP has no discretion in this matter but must give McCarthy the seven (7) year credit . . . as official detention prior to the date that his federal sentence." (Doc. 1, Pet. at pp. 19, 20). Thus, the BOP abused its discretion when it denied his request for *nunc pro tunc* designation of the Connecticut state prison as the place of service of his federal sentence.

We disagree. As Respondent correctly notes, Judge Dorsey's recommendation was only that, a recommendation, and not a court order that the BOP had to follow. The BOP, in a proper exercise of its discretion, reviewed McCarthy for *nunc pro tunc* designation of the Connecticut prison as the place of confinement for his federal sentence, and denied the request based on the factors set forth in 18 U.S.C. § 3621(b). As part of that process, it considered Judge Dorsey's letter. Having reviewed the decision by the BOP, the court finds that the BOP did not abuse its discretion in denying McCarthy *nunc pro tunc* designation.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 29, 2013